UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-03-B-W |
| | ) | |
| BLAKE D. HAMPE | ) | |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the United States, by and through its attorney, and responds to the defendant's sentencing memorandum. The Government reserves the opportunity to address more fully the sentencing factors under 18 U.S.C. § 3553 at the time of sentencing.

DISCUSSION

I. PARAGRAPHS 4 AND 27 OF THE PRESENTENCE REPORT SHOULD REMAIN IN THE REPORT FOR CONSIDERATION BY THE COURT

The defendant does not deny the accuracy of the information contained in paragraphs 4 and 27 of the presentence report. In fact, the substance of the information in those paragraphs is confirmed by the defendant's sentencing memorandum and the attachments to that memorandum. Instead, the defendant argues that there are legal and policy reasons for the Court to exclude the information in those paragraphs from its sentencing analysis.

A.     Paragraph 4

The information contained in paragraph four of the presentence report appears to have been drawn from an investigative report prepared by United States Immigration and Customs Enforcement Agent Cogan. That report was provided as discovery and is attached as Exhibit S-

1.  The defendant made the statements attributed to him after he was provided with Miranda warnings; none of the statements that the defendant made to Agent Cogan were the subject of the defendant's motion to suppress.  Those statements are properly considered by this Court at sentencing.

      B.      Paragraph 27

The defendant relies on Estelle v. Smith, 451 U.S. 454, 101 S. Ct. 1866, 68 L.Ed.2d 359 (1981) to argue that the Court should disregard paragraph 27 of the presentence report.  Estelle v. Smith involved information obtained by a psychiatrist in a court-ordered pretrial competency examination.  The government used that information at the penalty phase of a capital murder trial.  The Supreme Court concluded that there had been a violation of Miranda and the defendant's Sixth Amendment rights.

The defendant does not explain how the Fifth Amendment or the Sixth Amendment apply to his treatment by the Northeast Occupational Exchange.  The defendant was not in custody when he attended treatment or counseling sessions.  He attended those sessions beginning in October 2006 and was informed by the United States Probation Office that the information learned during those sessions would be provided to the Court and to the probation office.  According to the probation office, the defendant signed a waiver authorizing Northeast Occupational Exchange to share that information.  The defendant had the benefit of counsel from the date of his initial appearance on September 29, 2006.

The Court has wide latitude in receiving information for use in sentencing.  *See* 18 U.S.C. § 3661.  There is no basis on which to strike paragraph 27 from the presentence report.

## II. THE DEFENDANT IS IN THE "HEARTLAND" OF CHILD PORNOGRAPHY OFFENDERS

The government has reviewed the defendant's sentencing memorandum and attachments apparently submitted with a request to seal. A significant part of the defendant's submission is focused on the question whether the defendant is a danger to children. The analysis of that question in the memorandum is supported by an expert report. Without discussing the specifics of the defendant's argument or the content of the sealed report, the government would note that it has concerns about the methods used to arrive at the proffered conclusions and the government anticipates that those concerns will be explored in direct and cross examination of the expert.

The defendant is charged with having possessed child pornography in violation of sections 2252A(a)(5)(B) and 2256(8)(A) of Title 18. A defendant gains no sentencing ground by advancing the claim that he has not abused children and is not likely to abuse children. As one court has noted as part of thoughtful discussion of child pornography possession crimes, "[w]hile the defense effort to draw a spectator-vs.-participant distinction does not show that [the defendant's] pornography crime was of less than ordinary severity, it does reemphasize that [the defendant] failed to fully appreciate that severity." United States v. Goff, 501 F.3d 250, 259 (3rd Cir. 2007).

The harm that Mr. Hampe has caused is in his possession and receipt of images of child pornography. "The simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials." Id. The images and the videos of child pornography that the defendant possessed are a permanent record of the harm to those children. "Their injuries and the taking of their innocence are all too real. There is nothing 'casual' or theoretical about the scars they will bear from being abused for [the defendant's] advantage." Id.

Like hundreds of other defendants who receive or possess child pornography, the defendant has contributed to the continuing victimization of children.  The defendant's offense is an extremely serious one and there is nothing about his offense that is dramatically different from other child pornography cases.  *See* United States v. Goff, 501 F.3d 260-61 (discussing "typical" child pornography cases).   The defendant's personal life and characteristics–also properly considered under 18 U.S.C. § 3553–weigh in favor of a more severe and not a less severe sentence.

Dated: January 18, 2008                        Respectfully submitted,

                                               PAULA D. SILSBY
                                               United States Attorney

                                               By:  /s/ F. Todd Lowell

                                               F. Todd Lowell
                                               Supervisory Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2008, I filed the Government's Response to the Defendant's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**JEFFREY W. LANGHOLTZ**
langholtz@gwi.net

      Paula D. Silsby
      United States Attorney

      /s/ F. Todd Lowell
      Assistant United States Attorney
      United States Attorney's Office
      202 Harlow Street, Room 111
      Bangor, Maine  04401
      (207) 945-0373
      todd.lowell@usdoj.gov